Filed 4/18/14  P. v. Handrinos CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATHIS ALEXIS HANDRINOS,<br><br>    Defendant and Appellant. | B252071<br><br>(Los Angeles County<br>Super. Ct. No. VA126884) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Josh M. Fredricks, Judge.  Affirmed.

        Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

Defendant and appellant, Mathis Alexis Handrinos, appeals from the judgment entered following revocation of probation granted in case No. VA126884 after his plea of nolo contendere to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and his admissions he previously had been convicted of narcotics offenses for which he served two separate prison terms within the meaning of Penal Code section 667.5, subdivision (b).  The trial court sentenced Handrinos to four years in county jail. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about October 9, 2012, a felony complaint was filed in case No. VA126884 in which it was alleged that on October 4, 2012, Handrinos possessed for sale a controlled substance, methamphetamine, in violation of Health and Safety Code section 11378.  It was further alleged that, on November 14, 2001, and again on January 2, 2007, Handrinos had suffered convictions for possession for sale of controlled substances in violation of Health and Safety Code section 11378 within the meaning of Health and Safety Code section 11370.2, subdivision (c) and that he had served prison terms for each of the offenses within the meaning of Penal Code section 667.5, subdivision (b).

Following a preliminary hearing, on October 26, 2012, the People amended the complaint to charge Handrinos in count 5 with the unlawful possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a).  After waiving his constitutional rights, Handrinos pled no contest to the charge alleged in count 5, then admitted that on November 14, 2001, and January 2, 2007, he had suffered convictions for the possession for sale of controlled substances and had served separate

2

prison terms for each of the two offenses. The trial court accepted the plea and admissions, then dismissed the remaining counts and allegations.

The trial court granted Handrinos three years formal probation, conditions of which included service of the first 365 days in county jail,[1] cooperation "with the probation officer in a plan for drug treatment," submission of his "person and property to search and seizure at any time of the day or night by any probation officer or peace officer with or without a warrant, probable cause or reasonable suspicion," prohibition of the ownership, use or possession of any dangerous weapons and prohibition of the use, possession, purchase or sale of any controlled substance or "associated paraphernalia." In addition, Handrinos was to pay a $240 restitution fine (Pen. Code, § 1202.4, subd. (b)), a stayed $240 probation revocation restitution fine (Pen. Code, § 1202.44), a $40 court security fee (Pen. Code, § 1465.8, subd. (a)(1)), a $50 lab fee (Health & Saf. Code, § 11372.5) and a $30 criminal conviction assessment (Gov. Code, § 70373).

On July 11, 2013, a hearing was held during which the trial court stated "there [had been] a derogatory report from [the] Probation [Department which indicated Handrinos] ha[d] not been reporting regularly" and, more importantly, that he had been arrested on June 14, 2013, for a new case, number VA130524, in which it had been alleged he had possessed for sale a controlled substance. Based on the filing of the new matter, the trial court summarily revoked Handrinos's probation granted in case No. VA126884 and remanded him to "custody without bail."

---

[1] The trial court awarded Handrinos presentence custody credit for 23 days actually served and 23 days of good time/work time, for a total of 46 days.

At proceedings held on July 15, 2013, the trial court ordered that, on July 26, 2013, a preliminary hearing would be held in Handrinos's new case, No. VA130524, and at those proceedings the court would consider Handrinos's alleged violation of the conditions of his probation in the present matter, case No. VA126884. The trial court then set Handrinos's bail in the amount of $195,000.

A hearing was held on July 26, 2013. At those proceedings, Whittier Police Department Detective John King testified that, on March 28, 2013, he and other officers found Handrinos in a shed in the backyard of his home on Comstock Avenue in Whittier. When officers searched Handrinos, they found on his person two plastic baggies in "a secret stitch compartment" in his boxer shorts. One of the baggies contained a crystalline substance which appeared to be methamphetamine and the second baggie contained three balloons filled with what looked like brown tar heroin. In addition, in one of Handrinos's pockets an officer discovered $918 in small bills, which Handrinos claimed was from his tax refund. In the shed in Handrinos's back yard officers found "two hypodermic needles with a substance inside of them," a "glass pipe with a white residue inside of it," "four (ten-pack) packages of syringes" and a plastic bottle "wrapped in black electrical tape" which contained 3.2 ounces of a "green leafy substance resembling marijuana." King then testified Handrinos had indicated he was a "middle man," or someone to "which people would give . . . money to buy drugs and he would get those drugs . . . ." At that point, King concluded the amount of narcotics recovered from Handrinos and the shed consisted of a "usable amount" which Handrinos could have possessed for both personal

4

use and for sale.[2] "[B]ased on the totality of the circumstances of [his] investigation, it [was Detective King's] opinion Mr. Handrinos [was] both a drug addict and at times a drug seller."

At the same proceedings, the parties stipulated that, on May 14, 2013, a senior criminalist with the Los Angeles County Sheriff's Department who had qualified to testify as an expert in the chemical analysis of narcotics had analyzed the contents of the envelopes in which an officer had placed the substances found during the March 28, 2013 search of Handrinos and his shed. The expert determined one envelope contained a net weight of 0.23 grams of a substance containing heroin and the second envelope contained a net weight of 0.29 grams of a solid substance containing methamphetamine.

Handrinos presented no affirmative defense or witnesses, but moved that the matter be dismissed "for insufficiency of the evidence." However, the trial court determined, with "every inference being [drawn] in favor of the People," it appeared "from the evidence presented that the offenses set forth in the felony complaint [had] been committed and [there was] sufficient cause to believe [Handrinos] guilty thereof." The trial court ordered Handrinos to answer to the newly charged offense, then indicated his alleged probation violation in the present case, No. VA126884, would be considered when Handrinos was arraigned in the new matter.

---

[2]     With regard to his assertion the narcotics found on his person and in the shed were primarily for personal use, at proceedings held on March 28, 2013, Handrinos did not appear to have marks on his arms. However, at the hearing held on July 26, 2013, the prosecutor looked at Handrinos's arms and indicated he had marks "consistent with intravenous drug use."

On September 9, 2013, defense counsel indicated, with regard to Handrinos's alleged violation of probation in case No. VA126884, "[t]he progress report as well as the [report from] the court computer show[ed] [Handrinos was] on probation [for a violation of Health and Safety Code section 11378 when] . . . he [had] entered a plea to [section] 11377[, subdivision (a)]." When counsel asked the trial court to "amend the minute order nunc pro tunc" to reflect the correct offense, the court indicated counsel was "absolutely correct" in that there was a discrepancy in the record, then ordered the court reporter to prepare a transcript of the plea proceedings from October 26, 2012, so it could be determined to which statute Handrinos had actually pled.[3]

At a hearing held on October 1, 2013, Handrinos turned down the People's offer to dispose of both the probation violation and the new matter in a "package deal." Under the terms of the agreement, Handrinos would have been sentenced to three years in prison, given credit for the year he had already served in county jail in case No. VA126884 and received credits at "half time" for the remaining two years. After he had served his term in prison, the new case would "go[] away." Handrinos, however, indicated he had been a drug addict for the past 16 years and he wished to be sent to a drug program in lieu of jail. The trial court, however, stated it was "not going to give

---

[3] The record indicated Handrinos pled no contest to the unauthorized possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a), a felony. In a letter directed to the Superior Court, appellate counsel requested that the court order the abstract of judgment, which indicated Handrinos had been convicted of Health and Safety Code section 11378, be corrected to reflect he had been convicted of a violation of Health and Safety Code section 11377. In response to counsel's request, a corrected abstract of judgment was filed in the superior court on March 19, 2014.

[Handrinos] a program instead of doing jail time." After the court explained to Handrinos that its options if it found Handrinos in violation of probation ranged from the imposition of five years in custody to reinstatement of probation and placement in a "program," Handrinos decided to proceed with the hearing on the probation violation.

Both counsel for Handrinos and the prosecutor agreed that, rather than call live witnesses, the allegation Handrinos had violated his probation in case No. VA126884 could be submitted on the transcript of the July 26, 2013 preliminary hearing held in Handrinos's new matter, case No. VA130524. After reading the transcript, the trial court found Handrinos in violation of the terms of his probation because he had failed to "obey all laws." After hearing argument from the parties, the trial court stated, because the evidence indicated Handrinos had not just been using narcotics but had been selling them as well, the court could not "just . . . give [him a] one year residential treatment program." Instead, the court imposed the midterm of two years for Handrinos's violation of Health and Safety Code section 11377, subdivision (a) and one year for each of his two prior prison terms alleged pursuant to Penal Code section 667.5, subdivision (b), for a total term of four years in jail. The court then awarded Handrinos credit for the one year previously served in the matter and 179 days of presentence custody credit, plus 178 days of good time/work time, for the time served since his arrest in the new case, then dismissed the new case, No. VA130524. Finally, after imposing a $280 restitution fine (Pen. Code, § 1202.4, subd. (b)) and a stayed $280 parole revocation restitution fine (Pen. Code, § 1202.45), the trial court terminated probation in the present matter, case No. VA126884, thus concluding the case.

7

On October 22, 2013, Handrinos filed a timely notice of appeal from the judgment entered in case No. VA126884.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed February 10, 2014, the clerk of this court advised Handrinos to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CROSKEY, Acting P. J.

We concur:

KITCHING, J.                                                    ALDRICH, J.

8